Our final case for argument today is United States v. Gamble. Mr. Hillis. May it please the Court, Counsel. My name is Daniel Hillis. I'm with the Federal Public Defender's Office, and I represent Ms. Gamble. She raises two issues on appeal. First, a defendant has a due process right to be sentenced based on reliable information. In here, the district court appeared by using unreliable information to impose sentence. At sentencing, appendix page 43, the judge said Ms. Gamble arranged to rent a gun and then use the rented gun to rob the bank. Mr. Hillis, the district judge said on the record that the sentence would be the same regardless whether or not a firearm enhancement was applied. I therefore wonder what difference this argument you're making could have. Once a judge declares that something doesn't matter, it, well, it doesn't matter. I don't think that's exactly right, Your Honor, and I'll be happy to explain. Of course, we've cited authority for why this is not harmless error, and the government may be arguing that it is. Counsel, I hope you understand the burden of this question. There is no error at all if something just doesn't matter. Well, it doesn't matter, Your Honor, and I'll explain why. First of all, under the Giesemann case from the Tenth Circuit, a boilerplate reference to 3553A values was rejected in the district court. Mr. Hillis, we have a lot of precedent in this circuit, which is the Seventh rather than the Tenth, saying that when a district judge declares that a particular contested issue about the guidelines calculation doesn't matter, then it drops out. Yes, Your Honor, we take issue with that, but I understand what you're saying, but there's an additional basis to be concerned here, because when you are baking into the sentencing explanation the use of unreliable or improper evidence, such as my client's remaining silence, which is separate and apart from the guideline issue, then that is an additional basis to reject an harmless error argument. You cannot have an improper, unconstitutional basis to impose sentence and allow it to escape review because the district court said, I'd give the same sentence. That doesn't pass. So, Mr. Hillis, have you asked us to overrule those cases that hold the opposite on that question? I don't think they hold the opposite, Judge. I don't see that United States ex quo, Welch, or cases like that are needing to be overruled. When a district court gives the sentences based on the guidelines, that may account for the guideline error, but it certainly doesn't account for the constitutional error in this case. And, of course, we cite the Roberts Supreme Court case that said that when a person has a constitutional right to remain silent, protected by the Fifth Amendment, that self-incriminatory information cannot be compelled, and that is what happened here, or would have happened here, and that it did happen here. Cabrera is, of course, a good case for us on this from the Sixth Circuit, and it determined that a judge plainly erred by imposing sentence based on a failure to testify at trial. Here, at sentencing, of course, silence was noted, and the government specifically tied that to a 924C charge, which would have been the basis for an increased effective sentence. So the greater question here— Yes. Hamilton. Is it correct that the defendant argued at sentencing and mitigation that her crime was an aberration? Yes. Based on her life's conduct, it was, Your Honor, that she didn't have an offense like this before, so it was aberrant, yes. So I'm wondering whether that argument is really consistent with the defendant's failure to disclose what happened to the proceeds and her failure to be forthright about whatever it was she was holding to threaten her former co-workers. Yes, Your Honor. We're not contending that she—the judge couldn't consider the proceeds of the offense. She didn't have a lawful basis to retain any proceeds from the offense, but that's a very different issue from did she have a basis not to give information about a gun that had been the linchpin evidence for a 924C. But she did provide some information, right? She falsely told the FBI that it was a toy gun and that she had purchased it at a particular store, right? Yes, but I don't see that she was required to then give more information to the judge, and the judge specifically said at appendix page 47, I think it is, that her silence, her refusal to disclose the location of the gun was the basis to give the sentence that he did. So I consider that a different issue than the proceeds of the robbery, and it is then allowing the district court to engage in a punitive increase in the sentencing that is based on an impermissible basis as opposed to rejecting the plea for obedience. And I think that that goes to the essence of Your Honor's question, which I'm—I'd be happy to explain further. Well, as I read what the judge was saying, in essence, he was trying to take into account her prospects for rehabilitation. Those things that we've been discussing would be indications that she was actually regretting her actions. We see none of it. That sounds perfectly reasonable to me for a sentencing judge to consider. Except the explicit reference to a firearm, that would be the basis for the 924C. The government said as much. That is not something that the district court could take into consideration because it essentially takes into consideration her silence and uses that as a basis to impose a sentence. This is a similar circumstance— Mr. Hillis, Mr. Hillis, I'm having trouble with the proposition that a judge can't consider a defendant's silence once she has started to talk. It's been settled for at least 150 years in the Supreme Court that a defendant who starts to talk and then clams up can't protest when the judge draws an adverse inference. And that seems to be what happened here. I don't consider it a misdemeanor, Your Honor. And if that were the case, then I suppose the Sixth Circuit authority is incorrect and so is Stratton from the Second Circuit, et cetera. But I don't regard those decisions as— We tend to follow the Supreme Court. I'm thinking about decisions such as Anderson against Charles, which is from 1980, or Fitzpatrick against Utah, which is from 1900, or reaffirmed in Kansas against Glover in 2013, none of which are brief mentions. Nobody mentions those, Your Honor, and I'm hearing about them and I'll be happy to submit a 28J. However, we do think our position is consistent with Roberts' 1980 decision by the Supreme Court that said about a defendant's right to keep silent information that would be incriminatory, and that's the circumstance we have. So if there seems to be internal turmoil in the authority, we are, of course, relying on the authority that best supports our argument, and the other cases—Anderson, Fitzpatrick, et cetera—haven't been argued, so I don't think too much about the prejudice. If we think we need further briefing, we will let you know. Thank you, Your Honor. With that, I will reserve the balance of my time because I believe that I have nothing else to add. I'll save the rest for rebuttal. Thank you. Thank you, Mr. Hillis. Mr. Mulvaney. Good morning. May it please the Court? My name is Charles Mulvaney and I represent the United States. As the Court noted, there is a harmless error argument that we raised because the district court in this case said that he would impose the same sentence whether the firearm enhancement would apply or not. Counsel, I have the same thing to say to you. That's not a harmless error argument. It is an argument that there is no error because the finding had no influence on the sentence. It seems to me important to recognize the difference between harmless error and no error. Correct, Your Honor. That is what the Court said, and because the Court said that the guideline range would not matter, any error in assessing the multiple facts that supported the guidelines enhancement could not have made a difference. We laid out the multiple facts that supported the guidelines enhancement in this case and the statement about the gun being a lender for $500, which is one of those many facts. I'll turn to the Fifth Amendment issue, if you'd like, given that the appellant spent most of the time on that. As we set forth in our briefs, this Court held in the Klotz decision that district courts are free to consider a defendant's lack of cooperation in assigning a sentence within the guidelines range. And in the Price case decided the following year, the Court held that the top of the guidelines range sentence based on that reasoning and declined to reconsider Klotz. And for the same reason, because these guidelines are presumptively reasonable, declining to go below it cannot be considered a penalty for the defendant's silence. The defendant's sentence was at the low end of the guidelines under our position. I guess I have a little trouble with that argument, Mr. Mulvey, both because of the district court's independence of the guidelines on the first issue and also the Klotz rule just seems a little rigid to me, saying in essence we're not going to worry about this as long as you stay within these guideline ranges, which were mandatory at the time of Klotz but are now quite discretionary. Yes, Your Honor. Well, the Klotz reasoning is not dependent on the mandatory nature of the guidelines at that time, and because the guidelines are presumptively reasonable, the defendant's sentence would have been the within guideline sentence under even what the appellant is urging was the correct guidelines range. But I think the more important point is that the district court's reasoning that it set out was that the defendant's failure to provide the truth about what she did with the gun was evidence that she was not regretting her actions and not showing remorse. It was against that backdrop of lies and obstruction of justice, a failure to accept responsibility that the court made the comment that the defendant refused to tell the FBI where the gun is after initially lying about it. Let me follow up, if I could, on Judge Easterbrook's question to defense counsel. Suppose the defendant had not started talking about the gun and lied to the FBI about the toy gun. Do you think the defendant might have a stronger Fifth Amendment argument if she had just stayed entirely silent on the question? Well, I think either way, it was all part of the defendant's failure to accept responsibility, show remorse in this case. She wasn't going to get acceptance of responsibility under the guidelines. She went to trial, right? Correct. Yeah, so the court's comment, I think, had to do in part with the fact that she lied and never told the truth, but it wasn't dependent on that. It was the fact that she had failed to show remorse and acceptance of responsibility, which are well-recognized reasons for granting leniency. In the district court's decision in this case, the sentence was a failure to show leniency because it was a bottom-of-the-guidelines sentence. It was a failure to show further leniency. It cannot be considered a penalty for her silence. I think in similar situations, the defendants are not provided with safety belt relief. For instance, in drug cases involving mandatory minimums, where they do not tell the government what they know about the offense. But that is not considered a penalty for silence. It's been upheld as a failure to show leniency. And the same thing applies with the acceptance of responsibility. So I think as we set forth, the district court's calculation of the guidelines range was supported by the evidence. It was not clear error, so we believe the guidelines range that it landed on, 151 to 188 months, was supported by the evidence. And given that the ultimate sentence is at the bottom of that guidelines range, it cannot be considered a penalty for silence, but rather is relevant to a character trait of sentencing that the court noted. And it was a failure in declination to provide further leniency with a below-guidelines sentence. And if there are no further questions, I'll ask the court to affirm the sentence that's imposed by the district court below. Thank you, counsel. Anything further, Mr. Hillis? Yes, Your Honor. If the district court wishes to not show lenience for any reason it may, it is circumscribed, though, that discretion is circumscribed if the reasoning of the district court impacts the constitutional right. And here that's exactly what happened. My client had a constitutional right to remain silent even though she began to give information. That information is fair game, Judge Hamilton, in response to your statement to the government. However, the license then does not extend for the district court to rely on the silence that would have been the information relating to the recovery of a firearm and the increased punishment to impose the sentence that the district court did. And that's expressly what happened here. That was a basis to impose the 151-month sentence. So if the district court wished to limit its statements about the lack of remorse to things that weren't constitutionally protected, there wouldn't be a problem. But here that's not what happened, so we do have a problem. And, again, a decision to the contrary, a rule different from the one that we were asking for, is the departure from Stratton from the Second Circuit from Cabrera. It is not inconsistent with Klotz where there was a guilty plea and the person had no constitutional right to withhold the information that the judge relied on. We have different circumstances here. And we think, again, that Roberts, the Supreme Court case, supports our position as well. With that, I have nothing further unless the panel has questions of me. We ask you to vacate and rename for re-sentence. Thank you very much. The case is taken under advisement and the court will be in recess.